UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **KENNETH BELL** | **CIVIL ACTION NO. 06-1400** |
| VS. | SECTION P |
| **STEVE PYLANT** | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

*Consolidated with*

| | |
|---|---|
| **KENNETH BELL** | **CIVIL ACTION NO. 06-1401** |
| VS. | SECTION P |
| **CHARLES McDONALD** | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

Before the court are consolidated civil rights complaints (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff Kenneth Bell on August 15, 2006. When he filed these complaints Bell was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and he was incarcerated at the Forcht-Wade Corrections Center, Keithville, Louisiana. However, on January 26, 2007, he advised that he was released from LDOC's physical custody and that he is no longer incarcerated. [doc. 15]

Plaintiff complains about his February 2005 arrest and events occurring during his subsequent detention by the Sheriff of Franklin Parish in the Richland Parish Detention Center during the period from February 21, 2005 – March 4, 2005. In this consolidated action he

1

originally named only Franklin Parish Sheriff Steve Pylant and Richland Parish Sheriff Charles McDonald as defendants. However, in an amended complaint filed on January 5, 2007, he implied that persons named Grant, Smith, Henry, Atkins, and Dear should be joined as defendants. [doc. 14, p. 10] Plaintiff seeks an unspecified amount in compensatory and punitive damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaints be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to the provisions of Federal Rules of Civil Procedure Rule 41.

*Statement of the Case*

Plaintiff's original complaint provided insufficient information. He was directed to amend to provide specific information. [doc. 8] His amended complaint was received on January 5, 2007. [doc. 14] On March 28, 2007, plaintiff was again ordered to amend to provide specific information to assist in the resolution of his claims.[1] Plaintiff was directed to respond and

---

[1] The undersigned made the following observations and ordered plaintiff to amend to provide specific information as follows: "Plaintiff has provided a more detailed description of the events complained of; however, he has apparently joined additional defendants (Grant, Smith, Henry, Atkins, and Dear) and has failed to sufficiently allege fault with respect to these additional defendants. As noted in the original Memorandum Order, Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. This conclusion must be supported by specific factual allegations stating the following: (1) the name(s) of each person who allegedly violated plaintiff's constitutional rights; (2) a description of what actually occurred or what each defendant did to violate plaintiff's rights; (3) the place and date(s) that each event occurred; and (4) a description of the alleged injury sustained as a result of the alleged violation.

Plaintiff should amend his complaint to provide the information required by Rule 8. Specifically he should state the relevant dates that each event occurred and he should describe the specific acts complained of with respect to each of the named defendants. To the extent that he claims that his arrest and detention were in violation of the Constitution, he should provide additional information including answers to the following questions: (1) Was plaintiff awaiting prosecution on criminal charges on February 21, 2005? If so, what were the charges and where were these charges pending? (2) Was plaintiff arrested as a result of a warrant issued by that court? (3) Was plaintiff ultimately prosecuted for these pending charges? If so, what was the result of the prosecution? Plaintiff has described his theory

provide the information by April 27, 2007.  Petitioner has not responded to this second amend order.

## *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Plaintiff has not responded to an order to amend and more than 30 days have elapsed since the deadline provided in the order.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in

---

of liability with respect to Sheriff Pylant.  However, it remains unclear concerning his theory of liability on the part of Sheriff McDonald.  Plaintiff is reminded, "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Dv.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). In other words, to the extent that plaintiff seeks to name a supervisory official, such as Sheriff McDonald, as defendant, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by that defendant.

Before the proper disposition of plaintiff's claims is determined, plaintiff should be given the opportunity to remedy the deficiencies of his complaint.  *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  Plaintiff has been given one such opportunity. He has named additional defendants but has not provided sufficient facts to establish liability on the part of these new defendants." See Doc. 17

accordance with the provisions of FRCP Rule 41(b).

4

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 15th day of June, 2007.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE